UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Diamond A Ranch, Western Division, LLC, *et al*,<br><br>      Plaintiffs,<br><br>  v.<br><br>Alejandro N. Mayorkas, *et al.*,<br><br>      Defendants. | No.: 1:20-cv-03478-CRC |

## JOINT STATUS REPORT

In accordance with the Court's June 13, 2024 minute order, the Parties submit this Joint Status Report to update the Court on the status of discussions among the parties and recent developments in *The General Land Office of the State of Texas v. Biden*, No. 7:21-cv-00272 (S.D. Tex.).

As previously reported, the parties have reached an informal agreement on the terms of a settlement. Execution of the agreement was halted, however, after the U.S. District Court for the Southern District of Texas issued an injunction to prevent the Department of Homeland Security ("DHS") from using the appropriated funds DHS had available for the proposed settlement. Memorandum Opinion and Order [Dkt. No. 128], *The General Land Office of the State of Texas et al. v. Biden et al.*, 7:21-cv-00272 (S.D. Tex); *id.*, Final Judgment and Permanent Injunction [Dkt. No. 208] ("the Texas injunction"). In essence, the Texas district court concluded that Congress appropriated funds under the Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, § 209(a)(1), 133 Stat. 2317, 2511 (2019), and the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, § 210, 134 Stat. 1182, 1456–57 (2020), for the sole purpose of building new border wall and that DHS could not use those funds for other purposes, including to

remediate property damage, flooding hazards, and environmental impacts caused by the government's past construction projects along the U.S.-Mexico border. DHS had planned to fund the restoration activities called for in the draft settlement with Diamond A Ranch, Western Division L.L.C. and Guadalupe Ranch Corporation (together, "the Ranch") using those FY20 and 21 funds, but cannot do so under the injunction.

**Plaintiffs' Position on the Injunction:**

The Ranch is of the view that the Texas injunction is the principal obstacle to implementing the settlement of this matter and, thus, will affect any revived proceedings in the current case. The Texas litigation, filed after the Ranch initiated its suit against the government, has directly and predictably prevented the Ranch from obtaining relief in this prior lawsuit. It is based on a construction of the relevant appropriations act that is inconsistent with the ordinary rules of statutory construction and common sense. In denying intervention, the Texas court ruled, "The Court further finds that the Putative Intervenors who assert that they are impacted financially by the injunction have alternate avenues for seeking recompense. Those fora are the appropriate venues for resolving their individualized claims." In the case of the Ranch's claims, the Ranch considers that this Court is that forum, and the availability of appropriated funds to implement the settlement agreement is the most significant issue. The Ranch intends to pursue that argument as a priority, since the appropriated funds may expire if not obligated by September of next year.

**Defendants' Position on the Injunction:**

While Defendants opposed the Texas injunction and believe the opinion is incorrect as a matter of federal appropriations law, Defendants have decided not to appeal. As relevant here, DHS is thus permanently enjoined from using the FY20 and FY21 barrier system appropriations

"toward mitigation and remediation efforts, repair of existing barriers" or "other similar purposes."  *See* Texas Injunction at 2.

      Though the Parties' take divergent views on the effect of the Southern District of Texas's order on this case, both agree that it is now necessary to recommence the litigation.  The Ranch plans to amend its complaint to take account of events since settlement talks began in 2021 and to raise the appropriation issue in the current case.  The Parties propose that the Ranch file its amended complaint by August 23, 2024, and the Justice Department file its response on or by September 20, 2024.  The parties will be happy to answer any questions.

Dated:  July 31, 2024                                Respectfully Submitted,

                                                                 /s/ *Linda C. Bailey*
Stewart A. Baker (D.C. Bar No. 262071)
Linda C. Bailey (D.C. Bar No. 985081)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-3000
sbaker@steptoe.com
lbailey@steptoe.com

*Attorneys for Plaintiffs*

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

  /s/ *Tyler M. Alexander* (permission via email)
TYLER M. ALEXANDER
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0238
tyler.alexander@usdoj.gov

*Attorney for Defendants*